IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert David Smith, Jr., #0495 ) | C/A No. 6:14-4856-MGL-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Mellissa Fortner, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Robert David Smith, Jr. ("Plaintiff"), proceeding pro se, seems to bring this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a pretrial detainee at the Greenville County Detention Center ("GCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## BACKGROUND

Plaintiff brings this lawsuit because he is detained at the GCDC on pending criminal charges, and he alleges there is a lack of evidence against him so the charges should be dropped. [Doc. 1 at 2.] He alleges on June 17, 2013, an incident occurred at the Regal Inn involving Mellissa Fortner ("Fortner"). [*Id*. at 1–4.] Plaintiff alleges that Fortner purported to have been sexually assaulted by a male, and he has been arrested for that crime and other related charges. [*Id*.] Plaintiff attached copies of the evidence against him. [Doc. 1-1, 1-2, 1-3.]  Liberally construed, he alleges false imprisonment in violation of his constitutional rights. [Doc. 1 at 1–5.] He requests that this Court read each document to determine that the evidence is insufficient and order that the criminal charges against Plaintiff be dropped. [Doc. 1 at 5.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

This action is subject to dismissal because Plaintiff seeks to have pending state criminal charges against him dismissed. In other words, Plaintiff requests this Court to interfere with or enjoin the pending state criminal prosecution against him. However, because a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances, this Court should abstain from interfering with it. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, Plaintiff is involved in ongoing state criminal proceedings. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most

powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). This Court finds that Plaintiff should have adequate opportunity to raise his federal constitutional rights in the state trial and post-trial proceedings, and he may contend in those proceedings that the evidence against him is insufficient. Therefore, to the extent Plaintiff seeks to enjoin the pending state criminal proceedings against him, this Court should abstain from hearing this action.[*]

Additionally, this action should be dismissed for failure to state a cognizable § 1983 claim. To state such a claim, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). Plaintiff contends that Fortner is a private citizen who alleges she was a victim of sexual assault, and there are no allegations that Fortner acted in any way attributable to a state. With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v.*

---

[*] If this § 1983 action had been construed as a pretrial petition for habeas corpus brought under 28 U.S.C. § 2241, the Court would have recommended summary dismissal because Petitioner does not allege any extraordinary circumstances to show that pretrial intervention would be appropriate. *See Younger*, 401 U.S. at 43-44.

4

*Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Therefore, Plaintiff fails to state a § 1983 claim on which relief may be granted.

### **RECOMMENDATION**

It is recommended that the District Court dismiss this action without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

January 15, 2015  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).